**Allan J. HARTZELL, Appellee,**

v.

**JUSTUS COMPANY, INC., a corporation, and Justus Homes, Appellants.**

No. 82–1521.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1982.

Decided Nov. 18, 1982.

Lawrence L. Piersol, Celia Miner, legal intern, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for defendants-appellants Justus Co., Inc. and Justus Homes.

Woods, Fuller, Shultz & Smith P.C. and Arlo Sommervold, Sioux Falls, S.D., for appellee.

Before ROSS, McMILLIAN and AR-NOLD, Circuit Judges.

ARNOLD, Circuit Judge.

This is an appeal by the defendants Justus Company, Inc., and Justus Homes[1] from the District Court's[2] judgment on a jury verdict in favor of the plaintiff Allan J. Hartzell in the amount of $34,794.67. Justus Homes alleges error in the trial judge's refusal to instruct the jury on a limitation-of-remedies clause in its contract with the plaintiff, and further argues that the instructions permitted a double recovery. We affirm.

## I.

This is a diversity case arising out of the purchase by Dr. Allan Hartzell of Sioux Falls, South Dakota, of a log home construction kit manufactured by the defendant Justus Homes. Dr. Hartzell purchased the package in 1977 for $38,622 from Del Carter, who was Justus Homes' dealer for the Sioux Falls area. He also hired Carter's construction company, Natural Wood Homes, to build the house. Hartzell, who testified that the home eventually cost about $150,000, was dissatisfied with the house in many respects. His chief complaints were that knotholes in the walls and ceiling leaked rain profusely, and that the home was not weather tight because flashings were not included in the roofing materials and because the timbers were not kiln-dried and therefore shrank. He also complained that an undersized support beam, which eventually cracked, was included in the package. This latter defect was alleged to have resulted in cracks in the floor and inside doors that would not close. Hartzell further alleged that these structural defects were only partially remediable, and that the fair market value of the house was reduced even after all practicable repairs had been made. Alleging breach of implied and express warranties and negligence, he sought damages for this loss in value and for the cost of repairs. After a two-day trial, the jury returned a plaintiff's verdict for $34,-794.67.

## II.

Justus Homes contends the District Court erred in failing to instruct the jury on a limitation-of-remedies clause contained in its contract with the plaintiff. The defendants rely on Clause 10c of the contract (see PX2), which says Justus will repair or replace defective materials, and Clause 10d, which states that this limited repair or replacement clause is the exclusive remedy available against Justus. These agreements, Justus asserts, are valid under the Uniform Commercial Code, S.D. Codified Laws Ann. § 57A-2-719(1) (1980). Section 2-719(1) states:

(1) Subject to the provisions of subsections (2) and (3) of this section and of § 57A-2-718 on liquidation and limitation of damages,

(a) The agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts; and

(b) Resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

Subsection (1) of section 2-719 is qualified by subsection (2): "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title." Justus Homes argues that, because of the contract clauses,

---

1. The status as a legal entity of the defendant denominated "Justus Homes" is unclear from the record. It appears to have been only a trade name used on the letterhead of Justus Company, Inc. Tr. 157–158. This question has no bearing on our decision. The defendant will be referred to as Justus Homes for purposes of convenience.

2. The Hon. John B. Jones, United States District Judge for the District of South Dakota.

the trial judge erred in submitting any issue of consequential damages (that is, loss of fair market value of the house) to the jury. The appellants emphasize that no specific finding was made, either by the jury or by the District Court, that the limited remedies failed of their essential purpose, nor was the issue placed before the jury in a special interrogatory.

In response, the plaintiff argues that, even if the instructions on warranty were in error, the general verdict should stand based on the court's correct instruction on negligence. Two theories of recovery were pleaded, Hartzell argues, and his recovery is good if he proved either of them under correct instructions. While we disagree with this particular argument,[3] we nonetheless affirm the judgment, because the instructions on warranty and damages were adequate.

■ We think Judge Jones's instructions placed the question of consequential damages before the jury in the proper context. The instruction given effectively requires a finding of failure of essential purpose before damages for diminution in market value could be awarded. The jury was instructed that if it found for the plaintiff on the question of liability, it should fix the amount of money which would reasonably and fairly compensate him for the following elements of damages:

1) The reasonable expense of necessary repairs required to make the home habitable or liveable, and

2) If you find that there were structural defects caused by the defendants' breach of warranty or negligence

which could not be repaired and which reduced the value of the home, you may also include as damages the difference between the fair market value the home would have had had there been no breach of warranty or negligence, and the fair market value of the home after all repairs were made.

Tr. 413 (emphasis supplied). The jury's verdict for the plaintiff in an amount almost exactly equal to the plaintiff's evidence of cost of repairs plus diminution in market value means it must have found that the structural defects were not entirely remediable.[4] Such a finding necessarily means that the limited warranty failed of its essential purpose.

■ Two of our recent cases support this conclusion. In *Soo Line R.R. v. Fruehauf Corp.*, 547 F.2d 1365 (8th Cir.1977), the defendant claimed, relying on a limitation-of-remedies clause similar to the one involved here, that the plaintiff's damages should be limited to the reasonable cost of repairing the railroad cars that plaintiff had bought from defendant. The jury verdict included, among other things, an award for the difference between the value of the cars as actually manufactured, and what they would have been worth if they had measured up to the defendant's representations. This Court affirmed the verdict for the larger amount. We held, construing the Minnesota U.C.C., which is identical to § 2–719 as adopted in South Dakota, that the limitation-of-remedies clause was ineffective because the remedy as thus limited failed of its essential purpose. The defend-

---

**3.** Where more than one basis of liability is submitted to the jury and a general verdict for the plaintiff results, "it cannot be said what basis of liability the jury found to exist." *Salem v. United States Lines Co.*, 370 U.S. 31, 32, 82 S.Ct. 1119, 1120, 8 L.Ed.2d 313 (1962). Therefore the judgment must be reversed if one of the two theories was submitted on prejudicially erroneous instructions. The cases cited in Hartzell's brief establish only that, where a plaintiff has two independent theories of recovery, it is error to tell the jury that it cannot return a verdict for him at all unless it finds for him on both theories. That is quite a different proposition from what is involved here.

**4.** There was certainly ample evidence from which the jury could find irremediable structural defects. After all repairs were completed, it appears that at least some of the floors in the house are still not level. The $4 \times 12$ girder number 21, which the defendants' experts reported should be replaced by a $4 \times 16$ girder, cannot be replaced without tearing the house down and rebuilding it. The plaintiff produced an expert real estate appraiser who testified that these and other defects reduced the value of the home by approximately $21,000. Tr. 144, 150.

ant, though called upon to make the necessary repairs, had refused to do so, and the repairs as performed by the plaintiff itself "did not fully restore the cars to totally acceptable operating conditions." *Id.* at 1369. Here, Justus Homes attempted to help with the necessary repairs, which is more than Fruehauf did in the *Soo Line* case, but after the repairs had been completed the house was still, according to the jury verdict, not what Justus had promised it would be. The purpose of a remedy is to give to a buyer what the seller promised him—that is, a house that did not leak. If repairs alone do not achieve that end, then to limit the buyer's remedy to repair would cause that remedy to fail of its essential purpose. No express finding to that effect was made below in this case, but neither was a particular reason for holding the limitation-of-remedies clause ineffective articulated by the trial court in *Soo Line.* See *id.* at 1370.

■ An analogous case is *Select Pork, Inc. v. Babcock Swine, Inc.,* 640 F.2d 147 (8th Cir.1981), applying § 2–719 as adopted in Iowa. The defendant had promised to deliver to plaintiff certain extraordinary pigs known as Midwestern Gilts and Meatline Boars. Instead, only ordinary pigs were delivered. Plaintiff sued for breach of warranty, and defendant claimed that its damages, if any, should be limited to a return of the purchase price by an express clause to that effect in the contract. The District Court held that the clause was unenforceable because it was unconscionable, see § 2–719(3), and because it failed of its essential purpose. We affirmed, despite the fact that "the district court's opinion [was] not fully developed on this point ...." *Select Pork, supra,* 640 F.2d at 149. "Having failed to deliver the highly-touted special pigs, defendants may not now assert a favorable clause to limit their liability," *id.* at 150. So here, where the house sold was found by the jury to fall short of the seller's promises, and where repairs could not make it right, defendant's liability cannot be limited to the cost of repairs. If the repairs had been adequate to restore the house to its promised condition, and if Dr. Hartzell

had claimed additional consequential damages, for example, water damage to a rug from the leaky roof, the limitation-of-remedies clause would have been effective. But that is not this case.

■ Next, Justus Homes argues that the District Court should have made a determination that the limitation-of-remedies clause was unconscionable before submitting any issue of consequential damages to the jury. The argument is without merit. The jury's verdict based on the court's instructions, the court's judgment based on that verdict, and the evidence in the record all demonstrate that the repair or replacement clause was a failure under the circumstances of this case. Some of the house's many problems simply could not be remedied by repair or replacement. The clause having failed of its essential purpose, that is, effective enjoyment of implied and express warranties, the plaintiff was entitled, under UCC § 2–719(2), to any of the buyer's remedies provided by the Code. Among these remedies are consequential damages as provided in §§ 2–714 and 2–715(2). A finding of unconscionability is, as a matter of logic, simply unnecessary in cases where § 2–719(2) applies.

### III.

■ Finally, Justus Homes argues the trial court "erred in allowing evidence of both cost of repair as well as diminution in value to go to the jury without clearly instructing the jury as to the conditions which must be met before both of the damage measures are applicable." Appellant's Brief at 19. The proper measure of damages, Justus argues, is the lesser of cost of repair or diminution in value. It cites *Ward v. LaCreek Electric Association,* 83 S.D. 584, 163 N.W.2d 344 (1968), and urges that the trial judge also recognized the authority of this case. This argument clearly misconstrues Judge Jones's remarks. What the judge said was that he had read *Ward v. LaCreek Electric* and that it contained the applicable law of damages in South Dakota. Tr. 135. The *LaCreek* opinion dis-

cusses a number of South Dakota cases and notes that the applicable damage rule depends on the facts of each case. 83 S.D. at 591, 163 N.W.2d at 348. The District Court went on to state that "this case differs from the Ward case in that the court found in the Ward case that there was no evidence of structural damages, whereas in this case the jury might, if they find the facts as urged by the plaintiff, might properly find structural defects in the house." Tr. 135.

The jury evidently did find permanent structural damage to the house, since its verdict is almost exactly equal to the cost of repairs plus the alleged depreciation in market value. We cannot say the instructions which permitted this result were in any respect unclear. The court specifically required the jury to find there were "structural defects ... which could not be repaired and which reduced the value of the home" in order to allow as damages the difference in the fair market value caused by the breach of warranty or negligence. There was no double recovery here: the verdict was not for cost of repair plus the *entire* decrease in market value, but rather for cost of repair plus the decrease in market value that still existed after all the repairs had been completed.

 Justus Homes further contends there was insufficient evidence of proximate cause, in that the trial judge noted early in the proceedings that a portion of the damage appeared to be the fault of the builders. The defendant contends the state of the proof was such that the jury could only speculate as to the real culprit. While the record is certainly replete with evidence of poor construction practices, it also contains ample evidence of fault on the part of Justus Homes in the form of inadequate design and materials which were omitted from the package. Moreover, if Justus Homes was serious in this contention, it could certainly have brought the builders in as third-party defendants. Finally, although the defendant alleges the court's instruction on proximate cause was inadequate, it does not specify in what respect, and we find no defect in the instruction.

The jury was clearly told to award damages for only those structural defects caused by the defendants' fault.

We have carefully reviewed the entire record and find no error. The judgment is

Affirmed.